JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ARMANDO LEAL FRANCO and
ALEJANDRA TREJO ARROYO

## DEFENDANTS

U.S. Border Patrol,
U.S. INS, JOHN DOE I, and
JOHN DOE II

11482

B-00-141

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME ADDRESS, AND TELEPHONE NUMBER)
MAGALLANES, HINOJOSA & TREVINO
Gilberto Hinojosa
1713 Boca Chica Blvd.
Brownsville, TX 78520    956/544-6571

ATTORNEYS (IF KNOWN)

United States District Court
Southern District of Texas
FILED
SEP 0 8 2000
Michael N. Milby
Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Federal Tort Claims Act, 28 U.S.C. §2671 et se
Defendants John Doe I and John Doe II, agents for I.N.S. and Border Patrol, on or about
March 7, 2000 failed to exercise ordinary care and negligently injured Plaintiffs.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE: September 8, 2000

SIGNATURE OF ATTORNEY OF RECORD
X [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____

ClibPDF - www.fastio.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 8 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ARMANDO LEAL FRANCO and ALEJANDRA TREJO ARROYO, PLAINTIFF | : : : : | |
| VS. | : : | CIVIL ACTION :   NO. B-00-141 |
| UNITED STATES BORDER PATROL, UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, JOHN DOE I, and JOHN DOE II, DEFENDANT | : : : : : | |

## PLAINTIFFS' COMPLAINT

### A.
### INTRODUCTION

1. Plaintiff ARMANDO LEAL FRANCO, and his wife, ALEJANDRA TREJO ARROYO, bring this action for negligence against UNITED STATES BORDER PATROL, UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, JOHN DOE I, and JOHN DOE II pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq.

### B.
### JURISDICTION AND VENUE

2. This Court has original jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. §1346(b)(1) in that it is civil action on claims against the United States for money damages caused by the negligent act of employees of the Government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the State of Texas, where the act or omission occurred.

3. Venue in the United States District Court for the Southern District of Texas is proper pursuant to 28 U.S.C. §1391(f), in that this Court is the judicial district (1) where, on information and belief, defendants John Doe I and John Doe II reside and (2) in which a substantial part of the events or omissions giving rise to the claim occurred.

## D.
## PARTIES

4. Plaintiff Armando Leal Franco is a resident of Mexico.

5. Plaintiff Alejandra Trejo Arroyo is a resident of Mexico and the wife of Plaintiff Armando Leal Franco.

6. Defendant United States Border Patrol is a division of the United States Immigration and Naturalization Service and a Federal Agency as that term is defined under 28 U.S.C. §2671.

7. Defendant United States Immigration and Naturalization Service is a Federal Agency as that term is defined under 28 U.S.C. §2671.

8. Defendants John Doe I and John Doe II are agents of the United States Border Patrol and, at all time relevant herein, were stationed with the sector of the United States Border Patrol which is within the jurisdiction of this Court.

## E.
## PRESENTMENT OF CLAIM

9. Pursuant to 28 U.S.C. §2675, Plaintiff Armando Leal Franco presented his "CLAIM FOR DAMAGE, INJURY, OR DEATH" on or about June 5, 2000 to the United States Border Patrol, a division of the Immigration and Naturalization Service, and the employer of John Doe I and John Doe II.. On or about June 21, 2000, Defendant agencies denied Plaintiff

Armando Leal Franco's claim and notified Plaintiffs' counsel that its "determination presents final administrative consideration on this claim . . ." and Plaintiff "may file suit in the appropriate United States District Court not later than six months after the date of the mailing of this notice."

F.

## CLAIM FOR RELIEF

10. On or about March 7, 2000, Plaintiff Armando Leal Franco was traveling through the King Ranch near the United States Border Patrol check-point located at a place commonly known as "La Quineña". Plaintiff Armando Leal Franco was traveling from Mexico with family members and approximately fifteen other persons during the nighttime and stopped, along with the group, to rest. Shortly after stopping, two United States Border Patrol vehicles suddenly appeared traveling in Plaintiff Armando Leal Franco's direction at a high rate of speed. Said vehicles were being driven by Defendants John Doe I and John Doe II. Initially, the vehicles were traveling without headlights in an attempt come upon the party traveling with Plaintiff surreptitiously. Said Defendants John Doe I and John Doe II were attempting to apprehend and arrest Plaintiff and the others for violations of the United States immigration laws. Upon reaching Plaintiff Armando Leal Franco and the party he was traveling with, the United States Border Patrol agents activated the vehicle's headlights, but did not slow down and instead charged at Plaintiff and his party with the vehicles.. In an effort to avoid being injured by one the United States Border Patrol vehicles driven by John Doe I, Plaintiff Armando Leal Franco jumped towards his left and fell. Immediately thereafter, the second United States Border Patrol vehicle driven by John Doe II came out of the brush over a small hill at a high rate of speed and ran over the body of Armando Leal Franco, causing him serious bodily injury.

11. Plaintiffs would show that at all times material hereto, Defendants John Doe I and John Doe II were acting within the scope of their office or employment with the United States Border Patrol and the United States Immigration and Naturalization Service.

12. Plaintiffs would show that at all time material hereto, Defendants United States Border Patrol and United States Immigration and Naturalization Service, by and through Defendants John Doe I and John Doe II acting within the course and scope of their employment, failed to exercise ordinary care in the following respects.

- a) By attempting to pursue Plaintiff Armando Leal Franco in vehicles at a high rate of speed and at close proximity of Plaintiff Armando Leal Franco during night hours with minimal visibility;

- b) By attempting to apprehend Plaintiff Armando Leal Franco with vehicles at a high rate of speed and at close proximity of Plaintiff Armando Leal Franco during night hours with minimal visibility;

- c) By failing to exercise care in the operation and maintenance of their vehicles in such a manner as would have avoided the injury to Plaintiff Armando Leal Franco;

- d) By failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

- e) By failing to exercise ordinary care with regard to the speed at which Defendants John Doe I and John Doe II were operating their motor vehicles;

- f) By failing to exercise ordinary care with regard to maintaining control over the vehicle which John Doe I and John Doe II were operating;

- g) By Defendants John Doe I and John Doe II failing to proceed in a safe and

reasonable manner;

h) By failing to apply the brakes to John Doe II's vehicle in a timely manner to avoid injuring Plaintiff Armando Leal Franco;

13. Each of the foregoing acts or omissions, whether taken singularly or in any combination, was a proximate cause of the Plaintiffs' injuries.

14. The law entitles Plaintiff Armando Leal Franco to the following damages he has suffered as a result of the accident in question:

a) The reasonable cost for necessary medical treatment and care Plaintiff has received in the past for the treatment of his injuries;

b) The reasonable cost for necessary medical treatment and care which Plaintiff in reasonable probability will need in the future for the treatment of his injuries;

c) The physical pain which Plaintiff has suffered in the past up to the time of trial;

d) The physical pain which Plaintiff in all reasonable probability will suffer in the future for the rest of his life as a result of his injuries;

e) The mental anguish which Plaintiff has suffered in the past up to the time of the trial in this case;

f) The mental anguish which Plaintiff in all reasonable probability will suffer for the rest of his life as a result of his injuries;

g) The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff in all reasonable probability will suffer in the future for the rest of his life;

h) The physical impairment and loss of physical capacity to perform the activities of

life other than wage earning, which Plaintiff in all reasonable probability will suffer in the future for the rest of his life;

i) The loss of wage earning capacity which Plaintiff in all reasonable probability will suffer in the future for the rest of his work life expectancy as a result of his injuries.

15. Plaintiff is entitled to be compensated for these actual damages in an amount exceeding the minimum jurisdictional limits of the Court.

16. ALEJANDRA TREJO ARROYO is the wife of ARMANDO LEAL FRANCO. As a proximate result of the accident in question ALEJANDRA TREJO ARROYO has suffered loss of consortium and has been deprived of household services, companionship and society from her husband for which she is entitled to compensation in the amount which is yet undetermined but excess the minimum jurisdictional amount of this court.

WHEREFORE, Plaintiffs pray that Defendants be cited to appear and answer and that upon final trial hereof, Plaintiffs have judgment against Defendant for a sum in excess of the minimum jurisdictional limits of the Court and for such other and further relief, general or special, at law or in equity, to which the Plaintiffs may show themselves to be justly entitled to receive including pre-judgment and post-judgment interest and costs of Court.

Respectfully submitted,
**MAGALLANES, HINOJOSA & TREVINO, P.C.**
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, TX 78520
(956) 544-6571 - Telephone
(956) 544-4290 - Facsimile

By: _____
    Gilberto Hinojosa
    State Bar No. 09701100
    Federal Id No. 3307
    Attorneys for Plaintiffs

**JAIME M. DIEZ**
Attorney at Law
862 W. Price Road
Brownsville, TX 78520
(956) 793-8848 - Telephone
(956) 546-5776 - Facsimile

By: _____
    Jaime M. Diez
    State Bar No. 00783966
    Federal Id No. 23118
    Attorneys for Plaintiffs

**TORTEYA & TORTEYA PLLC**
700 E. Washington Street
Brownsville, TX 78520
(956) 550-8373 - Telephone
(956) 550-8353 - Facsimile

By: _____
    Ignacio Torteya, III
    State Bar No. 00795685
    Federal Id No. 20917
    Attorneys for Plaintiffs

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

ARMANDO LEAL FRANCO
and ALEJANDRA TREJO ARROYO,
       PLAINTIFFS,

V.

UNITED STATES BORDER PATROL,
UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE, INC. JOHN DOE I
and JOHN DOE II

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B-00-141

TO: (Name and address of defendant) UNITED STATES BORDER PATROL
Mcallen Sector
2301 S. Main Street
McAllen, TX 78503
[Chief Patrol Agent Jose E. Garza]

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gilberto Hinojosa
MAGALLANES, HINJOSA & TREVINO
1713 Boca Chica Blvd.
Brownsville, TX 78520
Tel.: 956/544-6571
Fax : 956/544-4290

an answer to the complaint which is herewith served upon you, within __sixty (60)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk       9-8-00
CLERK      DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN DISTRICT OF TEXAS

ARMANDO LEAL FRANCO
and ALEJANDRA TREJO ARROYO,
    PLAINTIFFS

V.

UNITED STATES BORDER PATROL,
UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE, JOHN DOE I
and JOHN DOE II

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-141

TO: (Name and address of defendant)

UNITED STATES IMMIGRATION and
NATURALIZTION SERVICE
William G. Harrington, District Director
8101 North Stemmons Freeway
Dallas, TX 75247

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gilberto Hinojosa
MAGALLANES, HINOJOSA & TREVINO
1713 Boca Chica Blvd.
Brownsville, TX 78520
Tel.: 956/544-6571
Fax : 956/544-4290

an answer to the complaint which is herewith served upon you, within **sixty (60)** _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk
CLERK

DATE 9-8-00

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ TEXAS

ARMANDO LEAL FRANCO
and ALEJANDRA TREJO ARROYO,
    PLAINTIFFS

V.

UNITED STATES BORDER PATROL,
UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE, JOHN DOE I
and JOHN DOE II

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B - 00 - 141

TO: (Name and address of defendant)

MERVYN M. MOSBACKER,
UNITED STATES ATTORNEY
910 Travis, Suite 1500
P.O. Box 61129
Houston, TX 77208

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gilberto Hinojosa
MAGALLANES, HINJOSA & TREVINO
1713 Boca Chica Blvd.
Brownsville, TX 78520
Tel.: 956/544-6571
Fax : 956/544-4290

an answer to the complaint which is herewith served upon you, within <u>sixty (60)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

(BY) DEPUTY CLERK

DATE: 9-8-00

ClibPDF - www.fastio.com

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

SOUTHERN _____ DISTRICT OF _____ TEXAS

ARMANDO LEAL FRANCO
and ALEJANDRA TREJO ARROYO,
    PLAINTIFFS

V.

UNITED STATES BORDER PATROL,
UNITED STATES IMMIGRATION AND
NATURALIZATION SERVICE, JOHN DOE I
and JOHN DOE II

## SUMMONS IN A CIVIL CASE

CASE NUMBER: B-00-141

TO: (Name and address of defendant)

UNITED STATES ATTORNEY GENERAL
U.S. Department of Justice
10th & Constitutional Avenue, N.W.
Washington, D.C. 20530

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gilberto Hinojosa
MAGALLANES, HINJOSA & TREVINO
1713 Boca Chica Blvd.
Brownsville, TX 78520
Tel.: 956/544-6571
Fax : 956/544-4290

an answer to the complaint which is herewith served upon you, within __sixty (60)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk
CLERK

9-8-00
DATE

(BY) DEPUTY CLERK

ClibPDF - www.fastio.com