*8*

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 7 2000

Michael N. Milby
Clerk of Court

ARMANDO LEAL FRANCO AND    *
ALEJANDRA TREJO ARROYO,    *
     Plaintiffs,    *
v.    *     CIVIL ACTION No. B-00-141
   *
UNITED STATES BORDER PATROL,    *
UNITED STATES IMMIGRATION AND    *
NATURALIZATION SERVICE,    *
JOHN DOE I, and JOHN DOE II    *
     Defendants.     ·    *

## DEFENDANTS' MOTION TO DISMISS
## PURSUANT TO FRCP 12(b)(2) &(6)
## AND SUPPORTING MEMORANDUM

TO THE HONORABLE JUDGE OF SAID COURT:

     Defendants, by and through the United States Attorney for the Southern District

of Texas, moves to dismiss the allegations raised against them in the referenced

proceeding. Plaintiffs have filed this suit pursuant to the provisions of the Federal Tort

Claims Act (FTCA). 28 U.S.C. 2671 *et seq.* See Plaintiffs' Complaint at Paras. 1,2, and

9.

     Defendants submit that under the FTCA, the only proper Defendant is the United

States of America. See 28 U.S.C. 2679(a). Therefore, the Defendants should be

dismissed pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure.

The Defendants submit the following to this Court in support of its motion:

     1.      It has been consistently held that Federal agencies and federal

employees acting within the course and scope of their employment[1] cannot be subject

to suit in their own name, absent Congressional authorization.  The Fifth Circuit has

stated and found that:

> [i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit.  In a section entitled 'United States as defendant,' the FTCA vests the district courts with 'exclusive jurisdiction of civil actions on claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.' 28 U.S.C. S 1346(b) (1982) (emphasis added).  The Act goes on to state that any other statute authorizing a federal agency to sue and be sued in its own name does not authorize an action against the agency which is cognizable under the tort claims provision.  Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees.  28 U.S.C. S 2679(a) (1982).
>
> In view of this explicit statutory language, the courts have consistently held that an agency or government employee cannot be sued eo nomine under the Federal Tort Claims Act. E.g., Hughes v. United States, 701 F.2d 56, 58 (7th Cir.), aff'g 534 F.Supp. 352, 354 (N.D.Ill.1982). Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.  Gregory v. Mitchell, 634 F.2d 199, 204-205 (5th Cir.1981);  Carr v. Veterans Administration, 522 F.2d 1355, 1356 (5th Cir.1975).

Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988).

    2.    Therefore, when a Plaintiff files suit under the FTCA – as in the case at

bar -- the plaintiff's exclusive remedy is against the United States.

    WHEREFORE, PREMISES CONSIDERED, this suit should be dismissed

because the named Defendants are not proper parties for a suit brought pursuant to

the Federal Tort Claims Act.  Therefore this action should be dismissed for lack of

jurisdiction over the parties and failure to state a claim upon which relief can be

granted.  FRCP, Rules 12(b)(2) and 12(b)(6).

---

[1]At Paragraph 12 of the Plaintiffs' Complaint, Plaintiffs allege that the John Doe defendants, employees of the United States, were acting with the course and scope of their employment at the time of the incident at issue.

Respectfully submitted,

MERVYN M. MOSBACKER, JR.
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., #201
Brownsville, TX 78520
(956) 548-2554
State Bar No. 00800490

## CERTIFICATE OF SERVICE

I hereby certify on **November 17, 2000,** a copy of the Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(2) & (6) and Supporting Memorandum was mailed via certified mail, return receipt requested to Plaintiffs' attorneys:

Mr. Gilberto Hinojosa
MAGALLANES, HINOJOSA & TREVINO, PC.
1713 Boca Chica Blvd.
Brownsville, Texas 78520

Mr. Jaime M. Diaz
Attorney at Law
862 W. Price Road
Brownsville, Texas 78520

Mr. Ignacio Torteya, III
TORTEYA & TORTEYA PLLC
700 E. Washington Street
Brownsville, Texas 78520

NANCY L. MASSO
Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

ARMANDO LEAL FRANCO AND          *
ALEJANDRA TREJO ARROYO,          *
    Plaintiffs,              *
                   *          CIVIL ACTION No. B-00-141
v.                               *
                   *
UNITED STATES BORDER PATROL,     *
UNITED STATES IMMIGRATION AND    *
NATURALIZATION SERVICE,          *
JOHN DOE I, and JOHN DOE II      *
    Defendants.              *

## ORDER OF DISMISSAL

Today, this Court considered the Defendants' Motion to Dismiss Pursuant to

FRCP 12(b)(2) and 12(b)(6).  Having reviewed the motion and arguments of counsel,

this Court finds that the named Defendants are not proper parties for suit under the

Federal Tort Claims Act.  28 U.S.C. 2671 *et seq.* and 2679(a).

THEREFORE, IT IS ORDERED that this lawsuit be DISMISSED, without

prejudice, for want of jurisdiction over the parties named herein and failure to state a

claim over the parties named herein.

Signed this _____ day of _____, 2000.

_____
HILDA G. TAGLE
UNITED STATES DISTRICT JUDGE
Southern District of Texas