UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ARMANDO LEAL FRANCO and ALEJANDRA TREJO ARROYO, PLAINTIFF | : : : : |
| VS. | : CIVIL ACTION : NO. B-00-141 |
| UNITED STATES BORDER PATROL, UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, JOHN DOE I, and JOHN DOE II, DEFENDANT | : : : : : : |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

COME NOW Plaintiffs ARMANDO LEAL FRANCO and ALEJANDRA TREJO ARROYO and move this Court pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file PLAINTIFFS' FIRST AMENDED COMPLAINT, and as grounds therefore would show the Court the following:

I.

Plaintiffs originally brought the above styled and numbered cause against the United States Border Patrol, the United States Immigration and Naturalization Service, John Doe I and John Doe II. Defendants, on November 17, 2000, filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) & (6), stating as their grounds that under the Federal Tort Claims Act, "the only proper Defendant is the United States of America. See 28 U.S.C. 2679(a)."

II.

Plaintiffs' motion to amend seeks to address the concerns raised in Defendants' motion to dismiss, drops all named Defendants and amends Plaintiffs' complaint to bring the United States

of America as the sole Defendant in the above styled and numbered cause. Plaintiffs seek leave to file PLAINTIFFS' FIRST AMENDED PETITION, attached hereto as Exhibit A.

### III.

Plaintiff has conferred with Assistant United States Attorney Nancy Masso and she, on behalf of Defendants, is not opposed to Plaintiffs' Motion to Amend.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court grant PLAINTIFFS' MOTION TO AMEND COMPLAINT, and grant Plaintiffs leave to file PLAINTIFFS' FIRST AMENDED COMPLAINT.

Respectfully submitted,
MAGALLANES, HINOJOSA & TREVINO, P.C.
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, TX 78520
(956) 544-6571 - Telephone
(956) 544-4290 - Facsimile

By: _____
Gilberto Hinojosa
State Bar No. 09701100
Federal Id No. 3307
Attorneys for Plaintiffs

JAIME M. DIEZ
Attorney at Law
862 W. Price Road
Brownsville, TX 78520
(956) 793-8848 - Telephone
(956) 546-5776 - Facsimile

By: _____
Jaime M. Diez
State Bar No. 00783966
Federal Id No. 23118
Attorneys for Plaintiffs

**TORTEYA & TORTEYA PLLC**
700 E. Washington Street
Brownsville, TX 78520
(956) 550-8373 - Telephone
(956) 550-8353 - Facsimile

By: _____
Ignacio Torteya, III
State Bar No. 00795685
Federal Id No. 20917
Attorneys for Plaintiffs

## CERTIFICATE OF CONFERENCE

I, **Gilberto Hinojosa**, hereby certify that the undersigned, as counsel for Plaintiffs conferred with Assistant United States Attorney Nancy Masso and she, on behalf of Defendants, is not opposed to Plaintiffs' Motion to Amend.

Ms. Nancy L. Masso
Assistant United States Attorney
600 E. Harrision St., #201
Brownsville, TX 78520
Attorney for Defendant

Mr. Jaime Diez
Attorney At Law
862 W. Price Road
Brownsville, TX 78520
Attorney for Plaintiff

Mr. Ignacio Torteya, III
TORTEYA & TORTEYA
700 E. Washington Street
Brownsville, TX 78520
Attorney for Plaintiff

Gilberto Hinojosa

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I, **Gilberto Hinojosa**, hereby certify that a true and correct copy of the foregoing document has been served on all parties on this the _29th_ day of November, 2000 *via facsimile and/or certified mail, return receipt requested.*

Ms. Nancy L. Masso
Assistant United States Attorney
600 E. Harrision St., #201
Brownsville, TX 78520

Mr. Jaime Diez
Attorney At Law
862 W. Price Road
Brownsville, TX 78520

Mr. Ignacio Torteya, III
TORTEYA & TORTEYA
700 E. Washington Street
Brownsville, TX 78520

_____
Gilberto Hinojosa

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| ARMANDO LEAL FRANCO and ALEJANDRA TREJO ARROYO, PLAINTIFF | : : : : |
| VS. | : CIVIL ACTION : NO. B-00-141 |
| UNITED STATES OF AMERICA, DEFENDANT | : : : |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

### A. INTRODUCTION

1. Plaintiff ARMANDO LEAL FRANCO, and his wife, ALEJANDRA TREJO ARROYO, bring this action for negligence against UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 et seq.

### B. JURISDICTION AND VENUE

2. This Court has original jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. §1346(b)(1) in that it is civil action on claims against the United States for money damages caused by the negligent act of employees of the Government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the State of Texas, where the act or omission occurred.

3. Venue in the United States District Court for the Southern District of Texas is proper pursuant to 28 U.S.C. §1391(f), in that this Court is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.



## D.
## PARTIES

4. Plaintiff Armando Leal Franco is a resident of Mexico.

5. Plaintiff Alejandra Trejo Arroyo is a resident of Mexico and the wife of Plaintiff Armando Leal Franco.

6. Defendant United States of America is the government under which the agents of the United States Border Patrol, United States Department of Justice, worked at the time of the incident made the basis of the instant lawsuit.

## E.
## PRESENTMENT OF CLAIM

7. Pursuant to 28 U.S.C. §2675, Plaintiff Armando Leal Franco presented his "CLAIM FOR DAMAGE, INJURY, OR DEATH" on or about June 5, 2000 to the United States Border Patrol, a division of the Immigration and Naturalization Service, and the employer of John Doe I and John Doe II.. On or about June 21, 2000, Defendant agencies denied Plaintiff Armando Leal Franco's claim and notified Plaintiffs' counsel that its "determination presents final administrative consideration on this claim . . ." and Plaintiff "may file suit in the appropriate United States District Court not later than six months after the date of the mailing of this notice."

## F.
## CLAIM FOR RELIEF

8. On or about March 7, 2000, Plaintiff Armando Leal Franco was traveling through the King Ranch near the United States Border Patrol check-point located at a place commonly known as "La Quineña". Plaintiff Armando Leal Franco was traveling from Mexico with family members and approximately fifteen other persons during the nighttime and stopped, along with

the group, to rest. Shortly after stopping, two United States Border Patrol vehicles suddenly appeared traveling in Plaintiff Armando Leal Franco's direction at a high rate of speed. Said vehicles were being driven by agents of the United States Border Patrol who, at the time, were acting within the course and scope of their employment with the United States Border Patrol. Initially, the vehicles were traveling without headlights in an attempt come upon the party traveling with Plaintiff surreptitiously. Said United States Border Patrol agents were attempting to apprehend and arrest Plaintiff and the others for violations of the United States immigration laws. Upon reaching Plaintiff Armando Leal Franco and the party he was traveling with, the United States Border Patrol agents activated the vehicle's headlights, but did not slow down and instead charged at Plaintiff and his party with the vehicles.. In an effort to avoid being injured by one the United States Border Patrol vehicles driven by a United States Border Patrol agent, Plaintiff Armando Leal Franco jumped towards his left and fell. Immediately thereafter, the second United States Border Patrol vehicle driven by the other United States Border Patrol agent came out of the brush over a small hill at a high rate of speed and ran over the body of Armando Leal Franco, causing him serious bodily injury.

    9.    Plaintiffs would show that at all times material hereto, the United States Border Patrol agents driving both vehicles described above were acting within the scope of their office or employment with the United States Border Patrol and the United States Immigration and Naturalization Service.

    10.    Plaintiffs would show that at all time material hereto, the United States Border Patrol agents described above failed to exercise ordinary care in the following respects.

        a)    By attempting to pursue Plaintiff Armando Leal Franco in vehicles at a high rate of speed and at close proximity to Plaintiff Armando Leal Franco during night

hours with minimal visibility;

b) By attempting to apprehend Plaintiff Armando Leal Franco with vehicles at a high rate of speed and at close proximity to Plaintiff Armando Leal Franco during night hours with minimal visibility;

c) By failing to exercise care in the operation and maintenance of their vehicles in such a manner as would have avoided the injury to Plaintiff Armando Leal Franco;

d) By failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

e) By failing to exercise ordinary care with regard to the speed at which they were operating their motor vehicles;

f) By failing to exercise ordinary care with regard to maintaining control over the vehicle which they were operating;

g) By failing to proceed in a safe and reasonable manner;

h) By failing to apply the brakes to their vehicles in a timely manner to avoid injuring Plaintiff Armando Leal Franco;

11. Each of the foregoing acts or omissions, whether taken singularly or in any combination, was a proximate cause of the Plaintiffs' injuries.

12. The law entitles Plaintiff Armando Leal Franco to the following damages he has suffered as a result of the accident in question:

a) The reasonable cost for necessary medical treatment and care Plaintiff has received in the past for the treatment of his injuries;

b) The reasonable cost for necessary medical treatment and care which Plaintiff in

    reasonable probability will need in the future for the treatment of his injuries;

c) The physical pain which Plaintiff has suffered in the past up to the time of trial;

d) The physical pain which Plaintiff in all reasonable probability will suffer in the future for the rest of his life as a result of his injuries;

e) The mental anguish which Plaintiff has suffered in the past up to the time of the trial in this case;

f) The mental anguish which Plaintiff in all reasonable probability will suffer for the rest of his life as a result of his injuries;

g) The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff in all reasonable probability will suffer in the future for the rest of his life;

h) The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff in all reasonable probability will suffer in the future for the rest of his life;

i) The loss of wage earning capacity which Plaintiff in all reasonable probability will suffer in the future for the rest of his work life expectancy as a result of his injuries.

13. Plaintiff is entitled to be compensated for these actual damages in an amount exceeding the minimum jurisdictional limits of the Court.

14. ALEJANDRA TREJO ARROYO is the wife of ARMANDO LEAL FRANCO. As a proximate result of the accident in question ALEJANDRA TREJO ARROYO has suffered loss of consortium and has been deprived of household services, companionship and society from her husband for which she is entitled to compensation in the amount which is yet undetermined

but excess the minimum jurisdictional amount of this court.

WHEREFORE, Plaintiffs pray that Defendant be cited to appear and answer and that upon final trial hereof, Plaintiffs have judgment against Defendant for a sum in excess of the minimum jurisdictional limits of the Court and for such other and further relief, general or special, at law or in equity, to which the Plaintiffs may show themselves to be justly entitled to receive including pre-judgment and post-judgment interest and costs of Court.

Respectfully submitted,

**MAGALLANES, HINOJOSA & TREVINO, P.C.**
A Professional Corporation
1713 Boca Chica Blvd.
Brownsville, TX 78520
(956) 544-6571 - Telephone
(956) 544-4290 - Facsimile


By: _____
    Gilberto Hinojosa
    State Bar No. 09701100
    Federal Id No. 3307
    Attorneys for Plaintiffs

**JAIME M. DIEZ**
Attorney at Law
862 W. Price Road
Brownsville, TX 78520
(956) 793-8848 - Telephone
(956) 546-5776 - Facsimile


By: _____
    Jaime M. Diez
    State Bar No. 00783966
    Federal Id No. 23118
    Attorneys for Plaintiffs

**TORTEYA & TORTEYA PLLC**
700 E. Washington Street
Brownsville, TX 78520
(956) 550-8373 - Telephone
(956) 550-8353 - Facsimile

By: _____
Ignacio Torteya, III
State Bar No. 00795685
Federal Id No. 20917
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, **Gilberto Hinojosa**, hereby certify that a true and correct copy of the foregoing Plaintiffs' First Amended Complaint has been served on all parties on this the _____ day of November, 2000 *via facsimile and/or certified mail, return receipt requested.*

Ms. Nancy L. Masso
Assistant United States Attorney
600 E. Harrision St., #201
Brownsville, TX 78520

Mr. Jaime Diez
Attorney At Law
862 W. Price Road
Brownsville, TX 78520

Mr. Ignacio Torteya, III
TORTEYA & TORTEYA
700 E. Washington Street
Brownsville, TX 78520

_____
Gilberto Hinojosa