IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARMANDO LEAL FRANCO AND | * | |
| ALEJANDRA TREJO ARROYO, | * | |
|     Plaintiffs, | * | |
| v. | * | CIVIL ACTION No. B-00-141 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
|     Defendant. | * | |

United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of parties required by Rule 26(f) was held and identify the counsel who attended for each party.

ANSWER: The meeting took place on January 11, 2001, at the United States Attorney's Office in Brownsville. It was attended by AUSA Nancy Masso, counsel for the Defendant, and Gilberto Hinojosa, counsel for the Plaintiffs.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

ANSWER: None.

3. Specify the allegation of federal jurisdiction.

ANSWER: Federal Tort Claims Act, 28 U.S.C. 2671 et seq.

4. Name the Parties who disagree and the reasons.

ANSWER: The Defendant does not dispute that jurisdiction is under the FTCA. The Defendant, however, does reserve its right to preserve it affirmative defenses that: (1) Plaintiffs are not entitled to pre-judgment interest under the FTCA pursuant to 28 U.S.C. 2674; (2) Plaintiffs may not seek more in damages than that sought in their administrative claim(s) pursuant to 28 U.S.C. 2675(b), and; (3) that Plaintiffs are not entitled to any attorney's fees other than that described and set out in the Federal Tort Claims Act at 28 U.S.C. 2678.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

ANSWER: None are known at this time.

6. List anticipated interventions.

ANSWER: None are known or anticipated at this time.

7. Describe class action issues.

*ANSWER*: Not applicable.

**8. State whether each party represents that it has made initial disclosures required by Rule 26(a). If not, describe what arrangements have been made to complete the disclosures.**

*ANSWER*: Counsel for the Defendant submitted its Rule 26(a) disclosure to plaintiff's counsel on January 11, 2001. Plaintiffs submitted their Rule 26(a) disclosure to Defendant's counsel on January 16, 2001.

**9. Describe the proposed agreed discovery plan, including:**

    **A. Responses to all the matters raised in Rule 26(f).**

*ANSWER*: On January 11, 2001, the parties met and discussed all matters raised in Rule 26(f). The parties anticipate taking fact witness depositions as early in the discovery phase as possible. However, given the possibility that some of these witnesses may now be out of the immediate commuting area (as well as the need to coordinate counsels' court and travel schedules), it is likely that the taking of these depositions may not be completed until late September or October of 2001. It is anticipated that a total of no less than six experts (medical, economic, accident reconstruction) from both the Plaintiffs' side and the Defendant's side will need to be deposed.

    **B. When and to whom the plaintiff anticipates it may send interrogatories.**

*ANSWER*: Plaintiff intends to forward Interrogatories to Defendant within 90 days from the filing of this case management plan.

    **C. When and to whom the defendant anticipates it may send interrogatories.**

*ANSWER*: Defendant will issue interrogatories to the Plaintiffs' within 15 days of the filing of this case management plan. It is anticipated that Defendant will seek medical records from medical providers plaintiffs have listed in their response to interrogatories. It is anticipated that this request for records will be sent out within 15 days of receipt of interrogatory responses and receipt of appropriate releases.

    **D. Of whom and by when the plaintiff anticipates taking oral depositions.**

*ANSWER*: Plaintiff plans to depose treating physicians and Border Patrol agent witnesses no later than September 30, 2001.

    **E. Of whom and by when the defendant anticipates taking oral depositions.**

*ANSWER*: Defendant will seek to depose the Plaintiffs in this action sometime during the month of February or March 2001. Defendant also plans to other fact witnesses that may be named by the Plaintiffs by August 2001. Defendant will likely start taking expert depositions 30 to 45 days after the designation of experts by Plaintiff and the receipt of the expert(s) reports.

    **F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

*ANSWER*: Plaintiffs will designate their expert witnesses on or by April 30, 2001. It is understood by the parties that any treating physicians called to testify will not be required to submit an expert report unless their testimony goes to matters beyond the scope of the treatment rendered to the Plaintiffs. Defendant will identify their responsive experts by June 1, 2001.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

*ANSWER*: Plaintiffs intend to depose all treating physicians and responsive experts by September 30, 2001.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

*ANSWER*: Defendant anticipates taking the depositions of Plaintiff's treating physician(s); and any of those that are designated by Plaintiff as expert witnesses by September 30, 2001.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

*ANSWER*: There are no disagreements.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

*ANSWER*: None.

12. **State the date the planned discovery can reasonably be completed.**

*ANSWER*: November 15, 2001.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

*ANSWER*: The parties do not anticipate any meaningful settlement negotiations until medical evidence and/or testimony is secured.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

*ANSWER*: Plaintiff, prior to filing this lawsuit, attempted to settle her claims with the Defendant through its administrative claims process. The parties have also indicated that they are willing to mediate the case once some medical evidence has been secured.

15. **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

*ANSWER*: The parties are willing to mediate this case at the appropriate time.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

*ANSWER*:   Discussions regarding a referral to a magistrate judge are ongoing.

17. **State whether a jury demand has been made and if it was made on time.**

*ANSWER*:   Plaintiff is not entitled to a jury in actions against the United States under under the Federal Tort Claims Act. See 28 U.S.C. 2402, 28 U.S.C. 1346 and 28 U.S.C. 2671 et seq.

18. **Specify the number of hours it will take to present the evidence in this case.**

*ANSWER*:   Thirty-two hours..

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

*ANSWER*:   There are no pending motions at this time.

20. **List other motions pending.**

*ANSWER*:   There are no pending motions at this time.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

*ANSWER*:   None.

22. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

*ANSWER*:

Counsel for Plaintiff:

_[signature]_
Gilberto Hinojosa
MAGALLANES, HINOJOSA
     & TREVINO, P.C.
1713 Boca Chica Blvd.
Brownsville, Texas 78520
TEL: (956) 544-6571
FAX: (956) 544-4290
State Bar No. 09701100
Federal Bar No. 3307

Counsel for Defendant:

_[signature]_
Nancy L. Masso
Assistant U. S. Attorney
U. S. Attorney's Office
600 E. Harrison St., No. 201
Brownsville, TX 78520
TEL:  (956) 548-2554
FAX:  (956) 548-2549
State Bar No. 00800490
Federal Bar No. 10263