21

United States District Court
Southern District of Texas
FILED

JAN 0 7 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ARMANDO LEAL FRANCO                    :
and ALEJANDRA TREJO ARROYO,            :
                    PLAINTIFF          :
                                       :
VS.                                    :       CIVIL ACTION :      NO. B-00-141
                                       :
UNITED STATES OF AMERICA,              :
                    DEFENDANT          :

## JOINT PRETRIAL ORDER

Pursuant to the Court's March 2, 2001, Scheduling Order, and Appendix B of the Local

Rules to the United States District Court Southern District of Texas, Plaintiffs' submit their Pretrial

Order.

## 1.  APPEARANCE OF COUNSEL

Mr. J. A. Magallanes
Mr. Carlos Escobar
MAGALLANES, HINOJOSA & MANCIAS, P.C.
1713 Boca Chica Blvd
Brownsville, Texas 78520
(956) 544-6571 - voice
(956) 544-4290 - fax
Attorney for Plaintiffs


Jaime M. Diez
Attorney at Law
862 W. Price Road
Brownsville, TX 78520
(956) 793-8848 - Telephone
(956) 546-5776 - Facsimile
Attorney for Plaintiffs

Ignacio Torteya, III
TORTEYA & TORTEYA PLLC
700 E. Washington Street
Brownsville, TX 78520
(956) 550-8373 - Telephone
(956) 550-8353 - Facsimile
Attorney for Plaintiffs

Nancy Masso
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
(956) 548-2554 - voice
(956) 548-2549 - fax
Attorney for Defendant

## 2.  STATEMENT OF THE CASE

On or about March 7, 2000, Plaintiff Armando Leal Franco and other individuals were traveling through the Kenedy Foundation near the United States Border Patrol check-point located at a place commonly known as "La Quineña".  Neither Plaintiff nor any of his other travelling companions were in the United States legally at the time.  Plaintiff and his companions were detected by Border Patrol agents who were surveilling the area for illegal alien activity.  While United States Border Patrol agents were investigating the areas in which Plaintiff and others were detected, Plaintiff was struck by a vehicle owned by the United States and operated by a United States Border Patrol Agent.

At all times material  hereto, the United States Border Patrol agents driving both vehicles described above were acting within the scope of their office or employment with the United States Border Patrol and the United States Immigration and Naturalization Service.

Plaintiffs filed suit on September 8, 2000.

## 3.  JURISDICTION

This Court has original jurisdiction of Plaintiffs' claims pursuant to 28 U.S.C. §1346(b)(1) in that it is civil action on claims against the United States for money damages caused by the negligent act of employees of the Government while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the State of Texas, where the act or omission occurred.

# 4. PENDING MOTIONS

**None.  However, it is anticipated that the United States will file a motion to dismiss the claims of Alejandra Trejo for failure to exhaust her administrative remedies under the Federal Tort Claims Act.**

## 5.  CONTENTIONS OF THE PARTIES

Plaintiffs' Contentions

At all times material hereto, Defendants United States Border Patrol and United States Immigration and Naturalization Service, by and through the United States Border Patrol Agents acting within the course and scope of their employment, failed to exercise ordinary care in the following respects:

a)  By attempting to pursue Plaintiff Armando Leal Franco in vehicles at a high rate of speed and at close proximity of Plaintiff Armando Leal Franco during night hours with minimal visibility;

b)  By attempting to apprehend Plaintiff Armando Leal Franco with vehicles at a high rate of speed and at close proximity of Plaintiff Armando Leal Franco during night hours with minimal visibility;

c)  By failing to exercise care in the operation and maintenance of their vehicles in such a manner as would have avoided the injury to Plaintiff Armando Leal Franco;

d)  By failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

e)  By failing to exercise ordinary care with regard to the speed at which the U.S. Border Patrol Agents were operating their motor vehicles;

f)  By failing to exercise ordinary care with regard to maintaining control over the vehicle which the U.S. Border Patrol Agents were operating;

g)  By the U.S. Border Patrol Agents failing to proceed in a safe and reasonable manner;

h)  By failing to apply the brakes to U.S. Border Patrol Agent's vehicle in a timely manner to avoid injuring Plaintiff Armando Leal Franco;

Each of the foregoing acts or omissions, whether taken singularly or in any combination, was a proximate cause of the Plaintiffs' injuries.

The law entitles Plaintiff Armando Leal Franco to the following damages he has suffered as a result of the accident in question:

a)  The reasonable cost for necessary medical treatment and care Plaintiff has received in the past for the treatment of his injuries;

b)  The reasonable cost for necessary medical treatment and care which Plaintiff in reasonable probability will need in the future for the treatment of his injuries;

c)  The physical pain which Plaintiff has suffered in the past up to the time of trial;

d)  The physical pain which Plaintiff in all reasonable probability will suffer in the future for the rest of his life as a result of his injuries;

e)  The mental anguish which Plaintiff has suffered in the past up to the time of the trial in this case;

f)  The mental anguish which Plaintiff in all reasonable probability will suffer for the rest of his life as a result of his injuries;

g)  The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff in all reasonable probability will suffer in the future for the rest of his life;

h)  The physical impairment and loss of physical capacity to perform the activities of life other than wage earning, which Plaintiff in all reasonable probability will suffer in the future for the rest of his life;

i)  The loss of wage earning capacity which Plaintiff in all reasonable probability will suffer in the future for the rest of his work life expectancy as a result of his injuries.

Plaintiff is entitled to be compensated for these actual damages in an amount exceeding the minimum jurisdictional limits of the Court.

ALEJANDRA TREJO ARROYO is the wife of ARMANDO LEAL FRANCO. As a proximate result of the accident in question ALEJANDRA TREJO ARROYO has suffered loss of consortium and has been deprived of household services, companionship and society from her husband for which she is entitled to compensation in the amount which is yet undetermined.

## Defendant's Contentions

A.  Comparative Liability/Contributory Negligence

The United States contends that the negligent conduct on the part of the Plaintiff significantly contributed to the cause of the accident at issue.

At trial, the United States will show that the Plaintiff was traveling in the United States illegally. Evidence will show that Plaintiff did not want to be detected and took measures to avoid detection. As such, Plaintiff was in the best position to avoid this unfortunate accident.

B.  Damages

The United States submits that the Plaintiff's level of responsibility for this accident is greater than 50%. Therefore, Plaintiff cannot recover any damages from the United States. TEX. CIV. PRAC. & REM. CODE, §33.001 (Vernon's 1997).

Alternatively, the United States submits that should the Court find that the Plaintiff was less than 50% responsible for his injuries, that the Court, as the trier of fact, must reduce the amount of damages awarded "by a percentage equal to the [Plaintiff's] percentage of responsibility." TEX. CIV. PRAC. & REM. CODE, §33.012 (a) (Vernon's 1997).

## 6.  ADMISSIONS OF FACT

1)      The accident at issue occurred on March 7, 2000, on property owned by the Kenedy Foundation.

2)      Plaintiff was in the country illegally at the time of the accident.

3)      Plaintiff was struck by a Border Patrol vehicle owned by the United States.

4)      At the time of the accident, the vehicle that struck Plaintiff was being operated by Border Patrol Agent Hoff while in the course and scope of his employment.

## 7.  CONTESTED ISSUES OF FACT

1)      That Defendant by and through its agents proximately caused the injuries sustained by Plaintiff.

2)      That Defendant by and through its agents charged at Plaintiff with a vehicle.

3)      That Plaintiff was contributory negligent.

4)      That Plaintiff Alejandra Trejo Arroyo did not sustain the injuries she claims in Plainitff's First Amended Petition and Subsequent filed Amended Petitions.

5)      That Plaintiff Alejandra Trejo Arroyo has exhausted her administrative remedies pursuant to the Federal Tort Claims Act.  Sec 28 U.S.C. 2675.

## 8.  AGREED PROPOSITIONS OF LAW

(1)      The Plaintiff cannot recover any damages from the United States should this Court determine that Plaintiff's level of responsibility for this accident be greater than 50%,. TEX. CIV. PRAC. & REM. CODE, §33.001 (Vernon's 1997).

(2)      Should the Court find that the Plaintiff was less than 50% responsible for his injuries. that the Court, as the trier of fact, must reduce the amount of damages awarded "by a percentage equal to the [Plaintiff's] percentage of responsibility." TEX. CIV. PRAC. & REM. CODE, §33.012 (a) (Vernon's 1997).

## 9.  CONTESTED PROPOSITIONS OF LAW

1)      That this court has no jurisdiction over Plaintiff Alejandra Trejo Arroyo's claims because she did not exhaust her administrative remedies required under the Federal Tort Claims Act.  Sec 28 U.S.C. 2675

2)      That Plaintiff Alejandra Trejo Arroyo has not exhausted her administrative remedies pursuant to the Federal Tort Claims Act.  Sec 28 U.S.C. 2675.

## 10.  EXHIBITS

**A.**     <u>**Plaintiffs' Exhibits**</u>

1.      Plaintiff Armando Leal Franco's Medical Records and Billing Records from Spohn Memorial Hospital, 2606 Hospital Blvd., Corpus Christi, TX 78405-18182

2.      Plaintiff Armando Leal Franco's Medical Records and Billing Records from University Health System, 4502 Medical Drive, San Antonio, TX 78229-4493

3.      Plaintiff Armando Leal Franco's Radiology films from University Health System, 4502 Medical Drive, San Antonio, TX 78229-4493

4.      Plaintiff Armando Leal Franco's Medical Records and Billing Records from Halo-Flight, Inc. 315 Pinson Drive, Corpus Christi, TX 78406

5.      Plaintiff Armando Leal Franco's Medical Records and Billing Records from Kathy Walker Medic One Ambulance, P.O. Box 63149, Wetmore, TX 78247

6.      Plaintiff Armando Leal Franco's Billing Records from Dr. William Henry, 4502 Medical Drive, San Antonio TX 78229-4493

7.      Plaintiff Armando Leal Franco's Billing Records from Dr. McGanity, P.O. Box 759, San Antonio, TX 78293-0759

8.      Plaintiff Armando Leal Franco's Medical Records and Billing Records from Dr. Ruben Pechero, 1005 E. Nolana Loop, McAllen, TX 78503

9.      Plaintiff Armando Leal Franco's Billing Records from Nolana Open MRI, 801 E. Nolana, Suite 14, McAllen, TX 78503

10.     Plaintiff Armando Leal Franco's Billing Records from Radiologist Associates, 1200 S. 2nd Street, Suite 2B, McAllen, TX 78501

11.     Plaintiff Armando Leal Franco's Billing Records from Radiology & Imaging, 3226 South Alameda, Corpus Christi, TX 78404

12.     Plaintiff Armando Leal Franco's Billing Records from Dr. Benjamin F. Hughes, 8738 Sunset Heights, Conroe, TX 77302

13.     Plaintiff Armando Leal Franco's Billing Records from Dr. Louis Bernhardi, 34616 11th PI S#3, Federal Way, WA 98003-8705

14.     Memo dated September 6, 1999 from Roy S. Chavez regarding Kenedy
        Foundation;

15.     Memo dated October 28, 1999 from Alfredo Borrego regarding Foundation
        Locks;

16.     Memo dated November 2, 1999 from Roy S. Chavez regarding Kenedy
        Foundation;

17.     Memo dated March 8, 2000 from Alfredo Borrego regarding Foundation;

18.     Memorandum for Chief Patrol Agent dated March 8, 2000 from Ricardo A.
        Lopez, Supervisory Border Patrol Agent regarding Leal-Franco, Armando;

19.     Memorandum for Jose E. Garza, Chief Patrol Agent regarding subject "Vehicle
        Accident, M-7402, BPA Michael J. Hoff"

20.     Motor Vehicle Accident Report and diagrams completed by Michael James Hoff
        and Donal R. Allman;

21.     Statement of Witness standard form 94 dated March 7, 2000 completed by
        Genaro H. DeLeon;

22.     Alien Incident Report from dated March 7, 2000 by David R. Trevino, Jr.;

23.     Letter dated March 8, 2001 from A. Borrego to Mr. Wolter;

24.     Affidavit/Statement of Enrique Trejo-Arroyo dated March 8, 2000;

25.     Affidavit/Statement of Noe Trejo-Arroyo dated March 8, 2000;

26.     Memorandum for Chief Patrol Agent McAllen, Texas dated March 8, 2000 from
        Roy S. Chavez Re: Armando Leal-Franco;

27.     Memorandum for Chief Patrol Agent McAllen, Texas dated March 7, 2000 from
        Donald R. Allman regarding Armando Leal Franco;

28.     Memorandum for Chief Patrol Agent McAllen, Texas dated March 8, 2000 from
        Donald R. Allman regarding Vehicle Accident M-7402;

29.     Memorandum for Chief Patrol Agent McAllen Sector dated March 8, 2000 from
        David R. Trevino, Jr. regarding Vehicle Accident M-7402 BPA Michael J. Hoff;

30.     Memorandum for Chief Patrol Agent McAllen, Texas dated March 8, 2000 from Donal R. Allman regarding Vehicle Accident M-7402;

31.     Deposition transcript of Jose Vasquez including Exhibits attached thereto;

32.     Deposition transcript of Medrado Salinas including Exhibits attached thereto;

33.     Deposition transcript of Michael Hoff including Exhibits attached thereto;

34.     Deposition transcript of Genaro De Leon including Exhibits attached thereto;

35.     Deposition transcript of Donald Allman including Exhibits attached thereto;

36.     Deposition transcript of David Trevino including Exhibits attached thereto;

37.     All Defendant's Responses to Discovery;

38.     All Plaintiffs' Responses to Discovery;


B.      **Defendant's Exhibit**

Defendant does not anticipate using any other exhibits other than those listed by the Plaintiff herein.

## 11. WITNESSES

A.      **Plaintiffs' Witnesses**


Armando Leal Franco
Alejandra Trejo Arroyo
Plaintiffs

Fidel Trejo Arroyo
La Mision Hidalgo
Estado de Hidalgo, Mexico 42260
Fidel Trejo Arroyo is Plaintiff's brother-in-law and was present when the incident in question occurred.

Noe Trejo Arroyo
La Mision Hidalgo
Estado de Hidalgo, Mexico 42260
Noe Trejo Arroyo is Plaintiff's brother-in-law and was present when the incident in question occurred.

Enrique Trejo Arroyo
La Mision Hidalgo
Estado de Hidalgo, Mexico 42260
Enrique Trejo Arroyo is Plaintiff's brother-in-law and was present when the incident in question
occurred.

Alejandra Trejo Arroyo de Leal-Plaintiff's wife
La Mora Municipio
La Mision Hidalgo
Estado de Hidalgo, Mexico 42260

Mr. Michael E. Trominski
U.S. Border Patrol, District Director
2102 Teege Road
Harlingen, TX 78550

Donna Justus
U.S. Border Patrol, Sector Counsel
2301 S. Main
McAllen, TX 78503

Dr. Peter McGanity
Bexar County Hospital District d/b/a University Health System
4502 Medical Drive
San Antonio, TX 78229-4493

Staff and personnel
Bexar County Hospital District d/b/a University Health System
4502 Medical Drive
San Antonio, TX 78229-4493

Custodian of Billing Records for
Bexar County Hospital District d/b/a University Health System
4502 Medical Drive
San Antonio, TX 78229-4493

Custodian of Medical Records for
Bexar County Hospital District d/b/a University Health System
4502 Medical Drive
San Antonio, TX 78229-4493

Dr. William Henry
Spohn Memorial Hospital
2606 Hospital Blvd.
Corpus Christi, TX 78405

Staff and Personnel
Spohn Memorial Hospital
2606 Hospital Blvd.
Corpus Christi, TX 78405

Custodian of Billing Records for
Spohn Memorial Hospital
2606 Hospital Blvd.
Corpus Christi, TX 78405

Custodian of Medical Records for
Spohn Memorial Hospital
2606 Hospital Blvd.
Corpus Christi, TX 78405


Dr. Ruben Pechero
Rio Grande Valley Orthopedic Center
1005 East Nolana Loop
McAllen, TX 78504

Staff and personnel
Dr. Ruben Pechero
Rio Grande Valley Orthopedic Center
1005 East Nolana Loop
McAllen, TX 78504

Custodian of Billing Records for
Dr. Ruben Pechero
Rio Grande Valley Orthopedic Center
1005 East Nolana Loop
McAllen, TX 78504

Custodian of Medical Records for
Dr. Ruben Pechero
Rio Grande Valley Orthopedic Center
1005 East Nolana Loop
McAllen, TX 78504

Jose de Jesus Vasquez
Route 9, Box 355
San Benito, Texas 78586
U.S. Border Patrol
2102 Teege Road
Harlingen, TX 78550

Michael Hoff
314 Birchwood Drive
Kingsville, Texas
U.S. Border Patrol
2102 Teege Road
Harlingen, TX 78550

Medardo Salinas
U.S. Border Patrol
2102 Teege Road
Harlingen, TX 78550

Genaro De Leon
U.S. Border Patrol
2102 Teege Road
Harlingen, TX 78550
Donald Allman
7314 Winding Star
Corpus Christi, Texas 78413
U.S. Border Patrol
2102 Teege Road
Harlingen, TX 78550

David Trevino
U.S. Border Patrol
2102 Teege Road
Harlingen, TX 78550

Derick Bockholt
Josh Mikulec
Medic One Ambulance

**B.     Defendant's Witnesses**

Defendant does not anticipate calling any other witnesses other than those listed by the
Plaintiff.

## 12. SETTLEMENT

The parties are presently trying to schedule a mediation date.

## 13. TRIAL

1)  This case should take about four days to try.

## 14. ATTACHMENTS

A.  Plaintiff's Attachments

B.  Defendants Attachments

–Defendant will file its witness and exhibit list at least 3 days prior to trial.
Note that Defendant does not anticipate using any exhibits or witnesses not
previously listed by the Plaintiff.

Date: _____

UNITED STATES DISTRICT JUDGE

Approved: _____

Presiding Judge

Date: _____

Gilberto Hinojosa
1713 Boca Chica
Brownsville, Texas 78520
Federal I.D. No.  10263
Attorney-in-Charge, Plaintiff

Date: _____

Nancy Masso
600 E.  Harrison St., No.  201
Brownsville, Texas 78520
Federal I.D. No.  10263
Attorney-in-Charge, Defendant